# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Estate of Chad Keefer, Sr., | : | CIVIL ACTION |
| | : | No. 4:24-CV-02136 |
| Plaintiff, | : | |
| | : | TRIAL BY JURY DEMANDED |
| v. | : | |
| | : | |
| Northumberland County | : | |
| 399 Stadium Drive | : | |
| Sunbury, PA 17801 | : | |
| | : | |
| Thomas Reisinger, Warden | : | |
| Northumberland County Jail | : | |
| 720 Northumberland County Drive | : | |
| Coal Township, PA 17866 | : | |
| | : | |
| & | : | |
| | : | |
| Correctional Officers John Doe, | : | |
| 720 Northumberland County Drive | : | |
| Coal Township, PA 17866 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, the estate of Chad Keefer, Sr., by and through its attorney, Laura Zipin, Esquire, hereby alleges the following:

## PARTIES

1. Plaintiff is the Estate of decedent Chad Keefer, Sr., who died on April 8, 2024, from injuries sustained while he was in the custody of Northumberland County Jail.

2. Defendant Northumberland County is a municipal government organized under the laws of the Commonwealth of Pennsylvania, with a principal business address of 399 Stadium Drive,

1

Sunbury, PA 17801. Northumberland County operates the Northumberland County Jail, located at 720 Northumberland County Drive, Coal Township, PA 17866.

3. Defendant Thomas Reisinger is an adult individual who, at all times relevant herein, was the warden of the Northumberland County Jail, located at 720 Northumberland County Drive, Coal Township, PA 17866.

4. Defendants Correctional Officers John Doe are believed to be adult citizens of Pennsylvania. Defendants Doe are being sued in both their individual and official capacities. Defendants Correctional Officers John Doe have a business office at Northumberland County Jail, located at 720 Northumberland County Drive, Coal Township, PA 17866.

5. At all times material hereto, Defendants Reisinger and Doe acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of Northumberland County.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983.

7. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

## FACTUAL BACKGROUND

8. Plaintiff re-alleges each and every averment as set forth previously, as if the same were set forth here in full.

9. On or about December 23, 2023, Mr. Keefer was arrested for nonviolent misdemeanor offenses and incarcerated at Northumberland County Jail.

10. While he was incarcerated at Northumberland County Jail, Mr. Keefer was attacked by another inmate.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

11. Following this incident, Mr. Keefer asked corrections officers for protection from the inmate who had attacked him.

12. Defendants did not place Mr. Keefer in restricted housing or take any other measures to protect him from future attacks.

13. Instead, defendants placed Mr. Keefer back in the general population with the inmate who had attacked him.

14. On or around February 6, 2024, while Mr. Keefer was still in the general population at Northumberland County Jail, he was again attacked by the same inmate, who this time brought additional inmates to help him harm Mr. Keefer.

15. As a result of this second attack, Mr. Keefer was hospitalized for two months, eventually dying from his injuries on April 8, 2024.

16. Defendants were aware that Mr. Keefer was vulnerable to attack; nonetheless, Defendants took no precautions regarding Mr. Keefer's safety.

17. Decedent was denied safety and protection from inmates who were known to be dangerous.

18. Defendant Reisinger was the Warden at Northumberland County Jail at the time of the incident giving rise to the instant action.

19. Defendant Reisinger was the final decisionmaker regarding policy decisions for the safety of all detainees at Northumberland County Jail during the time of Mr. Keefer's incarceration related to the instant action.

20. Defendant Reisinger knew of the risk to Mr. Keefer's safety at the time of the second attack because he was aware that another inmate had previously attacked Mr. Keefer.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

21. Defendant Reisinger knew of the risk to Mr. Keefer yet failed to implement proper safety procedures to prevent Mr. Keefer from being harmed; or, in the alternative, Defendant Reisinger failed to ensure that prison officials were properly trained and supervised in the correct policies and procedures, and that the policies and producers were fully adopted by prison officials.

22. Defendant Reisinger was responsible for the safety of inmates at the Northumberland County Jail at all times relevant to the instant complaint.

23. Defendant Reisinger knew inmates were not safe at the Northumberland County jail at all times relevant to the instant complaint; nonetheless, he did nothing to fix the problem and increase safety levels for other inmates.

24. Defendant Reisinger knew the Northumberland County Jail did not have a proper policy in place for inmate segregation due to violence among the grouping of inmates during the time period of both attacks on Mr. Keefer.

25. Northumberland County has a history of failing to protect inmates and failing to keep inmates safe while at the Northumberland County Jail. Northumberland County failed to protect inmates like Mr. Keefer from known, dangerous inmates, failed to monitor inmates for inmate safety, failed to prevent suicides, and failed to ensure that security protocols are being followed to protect inmate safety.

    a. In February of 2022, in *Estate of McAndrew v. Northumberland County, et al.*, 4:22-cv-834, Ms. McAndrew committed suicide at the Northumberland County Jail; even though prison officials were well aware of her suicidal ideations, they failed to set up a proper monitoring system to prevent suicide.

b. In October of 2018, in *Jeremiah v. Kovach, et al.*, 1:20-cv-1915, Mr. Jeremiah was violently attacked at the Northumberland County Jail by inmates in the shower area while two guards stood by and watched; the guards did not intervene or attempt to break up the fight. As a result of the attack, Mr. Jeremiah's right eye became detached from his eye socket, and he is now permanently blind in that eye.

c. In March of 2006, in *Estate of Francis v. Northumberland County, et al.*, 4:06-cv-2297, Mr. Francis committed suicide at the Northumberland County Jail; even though prison officials were well aware of his suicidal ideations, they failed to set up a proper monitoring system to prevent suicide.

d. In June of 2014, in *Estate of Lewis v. Northumberland County, et al.*, 4:14-cv-2126, Mr. Lewis committed suicide at the Northumberland County Jail; even though prison officials were well aware of his suicidal ideations, they failed to set up a proper monitoring system to prevent suicide.

e. In January of 2022, in *Jefferson v. Northumberland County, et al.*, 1:22-cv-1169, a matter eerily similar to the matter at the bar, prison officials knew Mr. Jefferson and another inmate should have been separated at the time Mr. Jefferson was admitted into the Northumberland County Jail due to the risk of extreme violence. The two men were not separated. Although Mr. Jefferson complained to prison officials, he and the other inmate were not separated. Mr. Jefferson was attacked by the other inmate and, as a result, lost vision in one of his eyes.

f. In May of 2021, in the *Estate of Beers v. Northumberland County, et al.*, 4:22-cv-1101, Mr. Beers committed suicide at the Northumberland County Jail; even though

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

prison officials were well aware of his suicidal ideations, they failed to set up a proper monitoring system to prevent suicide.

    g.    In May of 2013, in *Olin v. Northumberland County, et al.*, 1:14-cv-925, Ms. Olin was attacked by a guard in her cell and attempted to report the incident and file a grievance, but was prevented from doing so. Ms. Olin was injured as a result of the covered-up attack.

26.    As shown by the seven prior incidents outlined above, which occurred before the assault on Mr. Keefer, Defendant Northumberland County had a custom of understaffing that is ongoing, continuous, and occurring at the time of the assault on Mr. Keefer.

27.    As shown by the seven prior incidents outlined above, which occurred before the instant assault on Mr. Keefer, Defendant Northumberland County has a custom of failing to ensure that inmates are properly classified and segregated from inmates in general population.

28.    As a result of the prior assault on Mr. Keefer, Defendants knew the inmates housed with Mr. Keefer had a propensity to attack other inmates like Mr. Keefer because they were aware of the circumstances of the prior assault or physically present at the time of the prior assault.

29.    On the same date and time, Defendant Northumberland County did not properly train and/or supervise Defendants Doe to properly discipline inmates, protect inmates, intervene in inmate attacks, and keep inmates safe generally.

30.    On the same date and time, Defendant Northumberland County did not properly train its staff and/or its correctional officers generally.

31.    On the same date and time, Defendant Northumberland County was aware of prior incidents where harm occurred as a result of inmates being improperly classified; Defendant

nonetheless failed to take precautions against future violations, as outlined above. This failure permitted and resulted in the assault on Mr. Keefer and Mr. Keefer's subsequent injuries.

## COUNT I: FAILURE TO PROTECT AND DELIBERATE INDIFFERENCE TO MR. KEEFER'S SAFETY
## EIGHTH AND FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983
## PLAINTIFF V. ALL DEFENDANTS

32. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

33. Defendants were deliberately indifferent to Mr. Keefer's safety.

34. Defendants put Mr. Keefer at risk of serious harm through their acts and omissions as stated *supra*.

35. Defendants failed to act reasonably in response to the risk of physical harm to Mr. Keefer.

36. Based upon information and belief, Defendants had actual knowledge of the risk of physical harm to Mr. Keefer after the previous attack against him.

37. The second, ultimately fatal attack against Mr. Keefer by another inmate constitutes serious harm.

38. Based upon information and belief, the violent nature of the attacker in the instant matter was known to Defendants before the attack against Mr. Keefer in this case.

39. Mr. Keefer was at particular risk of being attacked due to the prior attack against him by the same inmate.

40. Defendants failed to protect Mr. Keefer's physical wellbeing.

41. Defendants deliberately, recklessly, and with conscious disregard for Mr. Keefer's wellbeing ignored Mr. Keefer's need for safety.

42. Defendants deliberately, recklessly, and with conscious disregard for Mr. Keefer's wellbeing failed to ensure that Decedent was not attacked.

43. Defendants' actions and inactions served no penological purpose, and caused Mr. Keefer to be fatally attacked.

44. As a direct and proximate cause of Defendants' actions, Mr. Keefer suffered injuries that caused immense physical pain and ultimately led to his death.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorneys' fees, and allowable costs of suit and brings this action to recover same.

**COUNT II:  SUPERVISOR LIABILITY**
**FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANT REISINGER**

45. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

46. Defendant Reisinger was deliberately indifferent to the needs of inmates being held in Northumberland County Jail.

47. Upon information and belief, Defendant Reisinger was aware that certain policies and customs posed a grave danger to Mr. Keefer.

48. Defendant Reisinger maintained a policy of inadequate procedures and protocols to ensure the safety of inmates at Northumberland County Jail.

49. Defendant Reisinger did not properly provide safety and protection to Mr. Keefer.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

50. The policy, procedures, and standard of safety for inmates who were particularly vulnerable to attack were defective and inadequate and therefore failed, which ultimately caused Mr. Keefer's death.

51. In spite of such knowledge, Defendant Reisinger did nothing to implement corrective policy or custom, which Defendant Reisinger knew posed a serious danger to inmates, including Mr. Keefer.

52. Defendant Reisinger was deliberately indifferent to the wellbeing of inmates detained at the Northumberland County Jail, including Mr. Keefer.

53. Defendant Reisinger knew of his supervisory failures and knew that Mr. Keefer was in danger of being physically attacked by other inmates, but deliberately failed to correct the problem.

54. Defendant Reisinger was aware of a substantial risk that Mr. Keefer would be physically attacked.

55. Defendant Reisinger was deliberately indifferent to the consequences of the established policies and customs.

56. Defendant Reisinger's establishment and maintenance of the above-mentioned policies and customs directly caused Mr. Keefer to be deprived of his Constitutional rights.

57. As a direct and proximate result of Defendant Reisinger's deliberate indifference, Mr. Keefer suffered immense physical pain and injuries that were ultimately fatal.

58. Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which he has no present knowledge.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorneys' fees and allowable costs of suit and brings this action to recover same.

### COUNT III: FAILURE TO INTERVENE
### EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983
### PLAINTIFF V. DEFENDANTS DOE

59. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

60. Defendants Doe were acting as correctional officers at the time Mr. Keefer was fatally attacked.

61. Defendants Doe had a duty to intervene in order to protect Mr. Keefer from a second attack by a known assailant.

62. Defendants Doe had a reasonable opportunity to intervene and protect Mr. Keefer from the second attack, in that they were aware that the same inmate had attacked Mr. Keefer previously.

63. Defendants Doe violated that duty to intervene, in that they failed to separate the known assailant from Mr. Keefer or place Mr. Keefer into any sort of protective custody.

64. Defendants Doe's actions and omissions were a direct and proximate cause of Mr. Keefer's injuries and damages.

65. Defendants Doe acted intentionally, maliciously, and wantonly by failing to intervene when they were otherwise able.

66. As a direct and proximate cause of Defendants Doe's actions and omissions, Mr. Keefer suffered great pain and eventually died from his injuries.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

67.     As a direct and proximate result of Defendants Doe's actions and omissions, Mr. Keefer suffered serious physical injuries that led to his death.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorneys' fees and allowable costs of suit and brings this action to recover same.

**COUNT IV: FAILURE TO TRAIN AND SUPERVISE**
**MONELL CLAIM – PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANT NORTHUMBERLAND COUNTY**

68.     The proceeding paragraphs are incorporated herein by reference.

69.     The customs, practices, and policies of Defendant Northumberland County were a moving force behind the violations of Mr. Keefer's constitutional rights.

70.     Mr. Keefer was deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States, and by Defendant Northumberland County through its many failures addressed *supra*.

71.     Plaintiff's claims are based on the decisions of Defendant Reisinger and the policymakers in Northumberland County who were deliberately indifferent to the constitutional rights of detainees under the Eighth Amendment.

72.     This course of conduct is so well-settled and permanent as to virtually constitute law.

73.     Defendant Northumberland County knew that corrections officers would be confronted with inmates who violate Northumberland County Jail inmate rules.

74.     Defendant Northumberland County knew that corrections officers would be confronted with inmates who are assigned or classified to a specific level of segregation like Pre-Hearing Segregation.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

75. Defendant Northumberland County knew the history of corrections officers and prison staff mishandling known dangerous inmates who are or should be classified to a specific level of segregation as a result of the multiple inmate-on-inmate fights and fatalities.

76. Defendant Northumberland County knew this would result in deprivations of constitutional rights like those suffered by Mr. Keefer.

77. Defendant Northumberland County had a duty to adequately train its employees at the Northumberland County Jail to prevent the types of constitutional violations suffered by Mr. Keefer.

78. Defendant Northumberland County had a duty to adequately supervise its employees to prevent the types of constitutional violations suffered by Mr. Keefer.

79. Defendant Northumberland County was aware that correctional officers would frequently encounter situations where decisions regarding the classification of inmates would be made.

80. Defendant Northumberland County was aware that correctional officers would encounter situations where intervention on behalf of an inmate being subject to constitutional violations would be required in order to either outright prevent or minimize the violations and related damages.

81. Defendant Northumberland County was aware of the history of correctional officer employees mishandling these decisions and mishandling such situations.

82. Defendant Northumberland County was further aware of the history of correctional officer employees failing to follow security and safety protocols to ensure known, dangerous inmates are kept in segregation.

83. Defendant Northumberland County was further aware that such mishandling often caused violations of the Eighth Amendment rights of inmates.

84. The failure to adequately train and supervise Defendants Doe resulted in the assault of Mr. Keefer.

85. The failure to adequately train and supervise Defendants Doe resulted in a violent assault on Mr. Keefer that Defendant Northumberland County knew or should have known was likely to occur.

86. As a direct and proximate result of these failures by Defendant Northumberland County, Mr. Keefer suffered severe physical and emotional injuries.

87. Plaintiff claims damages as a result of these severe physical and emotional injuries, which violated his rights under the United States Constitution and corresponding laws of the United States.

88. Defendant Northumberland County has been deliberately indifferent to the rights of prisoners, which deliberate indifference violated Mr. Keefer's rights under the Eighth Amendment to the Constitution of the United States, the laws of the United States, and the laws of the Commonwealth.

89. Defendant Northumberland County has adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of systematically failing to properly train, investigate, supervise, and discipline its employees, including the individual Defendants, regarding individuals' right to be free of violations of the Eighth Amendment to the Constitution of the United States, and the laws of the United States and of the Commonwealth of Pennsylvania.

90. Defendant Northumberland County, by failing to take action to train or supervise its correctional officers, and by having a practice or custom of remaining deliberately indifferent to systematic abuse, acquiesced to and/or condoned the policy and the actions of the individual Defendants who violated Mr. Keefer's rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

91. Plaintiff believes and therefore avers that Defendant Northumberland County has adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of systematically failing to properly train, investigate, supervise, and discipline its employees, including the individual Defendants, regarding individuals' rights under the Eighth Amendment to the Constitution of the United States.

92. Defendant Northumberland County knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Mr. Keefer, and that they deliberately, knowingly, and intentionally failed to take measures to stop or limit the policy, custom, and practice, and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

93. By failing to take action to stop or limit the policy, custom, and/or practice by remaining deliberately indifferent to the systematic abuse that occurred in accordance with and as a direct and proximate result of the policy, Defendant Northumberland County condoned, acquiesced to, participated in, and perpetrated the policy in violation of Mr. Keefer's rights under the Eighth Amendment to the Constitution of the United States, the laws of the United States, and the laws of the Commonwealth of Pennsylvania.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

94. The conduct of Defendant Northumberland County and/or the conduct of Defendants' employees or agents, and/or policymaker for Defendant Northumberland County, were a factual cause of and/or the cause of the harm and damages sustained by Mr. Keefer.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00) together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

<u>December 12, 2024</u>
DATE

Respectfully submitted,

<u>*/s/ Laura Zipin, Esq.*</u>
LAURA ZIPIN, ESQ.
Pa. ID No. 324914
Levin & Zeiger, LLP
Two Penn Center
1500 JFK Blvd, Suite 620
Philadelphia, PA 19102
zipin@levinzeiger.com
(267) 225-9400

<u>*/s/ Brian J. Zeiger, Esq.*</u>
BRIAN J. ZEIGER, ESQ.
Pa. ID No. 87063
Levin & Zeiger, LLP
Two Penn Center
1500 JFK Blvd, Suite 620
Philadelphia, PA 19102
zeiger@levinzeiger.com
(215) 546-0340